UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRANCIS BROWN,           )
                         )
    Petitioner,          )
                         )
v.                       )     No. 4:11CV1717 JAR
                         )               (TIA)
UNITED STATES OF AMERICA, et al., )
                         )
    Respondents.         )

## REPORT AND RECOMMENDATION

This matter is before the Court on Francis Brown's pro se § 2241 habeas Petition. Respondent has file a Reply thereto, and Petitioner filed a Rebuttal. The case was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(c).

## I. Procedural History

On December 3, 1982, Judge John Nangle, a United States District Judge for the Eastern District of Missouri, sentenced Petitioner to a ten-year term imprisonment followed by a ten-year term of special parole term to run consecutively to the periods of imprisonment for conspiracy to distribute and distribution of 13.47 grams or 2,706 doses of methamphetamine. (Resp. Exhs. 1-2).[1]

---

[1] The Sentencing Reform Act, which was effective November 1, 1987, abolished all forms of parole in the federal system. See Pub.L. No. 98-473. Because Petitioner committed his offenses and was sentenced prior to the effective date of the Sentencing Reform Act, he received a so-called "old law" sentence. The Court notes that "special parole" is the predecessor to what is not known as supervised release. In Lueth v. Beach, 498 F.3d 795, 797 (8th Cir. 2007), the Court explained the difference between "special parole" and "regular parole" as follows: "[T]he statute authorizing the imposition of special parole commands that special parole be served in addition to , and not concurrent with, other parole. 21 U.S.C. §841(c)("A special parole term provided for in this section ... shall be in addition to, and not in lieu of, any other parole provided for by law."); see also U.S. Parole Comm'n v. Viveros, 874 F.2d 699, 700-01 (9th Cir. 1989)(holding that special parole term imposed on a drug conviction did not begin running until defendant completed parole on a separate conspiracy conviction). The reasons for this requirement were recognized by the Second Circuit:

Petitioner started serving his sentence on April 10, 1989, after serving a sentence in Texas. (Exhs. 2 -4). On April 1, 1996, the United States Parole Commission ("Commission") mandatorily released Petitioner from custody subject to a special parole term commencing October 11, 1998 until October 10, 2008. (Exhs. 5-6). On October 4, 1996, the Commission revoked Petitioner's release, and he was again incarcerated. (Exh. 7). The Commission mandatorily released Petitioner on May 8, 1998, and placed him on special parole commencing October 11, 1998 with ten years remaining to be served. (Exh. 8).

On July 26, 1999, March 21, 2001, September 25, 2003, April 30, 2008, and May 20, 2010, Petitioner's special parole was revoked. (Exhs. 9-13). The first four revocations were done by agreement, wherein Petitioner executed an expedited revocation offer and, in exchange, waived his right to appeal the determinations. (Exhs. 9-12; 14). After each of the first four revocations, Petitioner was then re-paroled to his special parole term. (Exhs. 15-18).

On May 20, 2010, the Commission revoked Petitioner's special parole term for the last time due to a law violation (disorderly conduct) and a violation of the special condition requiring Petitioner to reside in a program of the Community Corrections Center. (Exh. 19). Thereafter Petitioner filed

---

> The mandatory special parole term is designed to test the offender's ability to lead a lawful life in the community.... To permit the special parole term to run concurrently with an ordinary term of imprisonment would undermine this process. Nor is the answer that the intended effect might be preserved if the prisoner is released on regular parole from a term of imprisonment during some or all of the time that the special parole term is claimed to be running concurrently, since it cannot be known at the time [of sentencing] that the prisoner's future behavior and the parole board's future decision concerning the prisoner's destiny will have led to his release on regular parole by the time petitioner claims the special parole term should commence.

Mastrangelo v. United States Parole Comm'n, 682 F.2d 402, 404-05 (2d Cir. 1982) (internal footnote omitted); Beach, 498 F.3d at 797.

an administrative appeal, and the June 15, 2010 decision was affirmed by the Commission on August 12, 2010. (Exhs. 21-22). In relevant part, the Commission opined in the Reasons as follows:

> The National Appeals Board finds no basis for your claim that your parole effective date should have been September 14 instead of October 14. Even if the examiner told you that he would recommend a parole effective date after services of 12 months, the Commission was not bound by the examiner's recommendation. The Commission ordered reparole effective after service of 13 months. The warrant was executed on 9/15/09.
>
> The National Appeals Board finds no basis for you claim that because your special parole was previously revoked, you no longer were serving a term of special parole and that your special parole should have been converted to regular parole. The Commission agrees with the Second Circuit's finding that "the Commission may reimpose a special parole following revocation and incarceration pursuant to 841(c). *Rich v. Maranville*, 369 F.3d 83, 91 (2d Cir. 2004) (citing *Johnson v. United States*, 529 U.S. 694 (2000)).
>
> You claim that the Commission lost jurisdiction because your hearing was not held within 90 days after the warrant was executed. You have not shown how the delay hindered your ability to present a defense to the charges.
>
> The Commission finds no basis for your claim that the Commission did not have a basis to forfeit your street time. A special parole violator whose parole is revoked shall receive no credit for time spent on parole. 28 CFR 2.57(c).

(Exh. 22 at 1).

On October 14, 2010, the Commission re-released Petitioner to special parole with a balance of 1, 795 days left to serve. (Exh. 3 at 1-2 and Exh. 23). Petitioner's full-term date is August 14, 2014. (Exh. 23 at 1).

Petitioner seeks federal habeas corpus relief on three grounds:

(1) the Commission no longer has jurisdiction over him inasmuch as the Commission was precluded from reimposing a special parole term after the first revocation in 1999;

(2) the Commission lacked jurisdiction inasmuch as the Commission failed to hold his revocation

hearing within ninety days; and

(3) the Commission cannot order forfeiture of his time on parole in his most recent revocation inasmuch as the forfeiture was not predicated on a new conviction.

1. Jurisdiction

Petitioner contends that the Commission no longer has jurisdiction over him inasmuch as the Commission was precluded from reimposing a special parole term after the first revocation in 1999.

The record shows that Petitioner waived his right to challenge the reimposition of special parole in 1999, 2001, 2003, and 2008 when Petitioner voluntarily agreed to waive his right to challenge the revocation decisions of the Commission.

The Supreme Court in Johnson v. United States, 529 U.S. 694, 711 (2000) endorsed the Commission's regulation authorizing reimposition of special parole terms. See also Rich v. Maranville, 369 F.3d 83, 90 (2d Cir. 2004) (finding the Supreme Court's decision in Johnson compels an interpretation of 21 U.S.C. § 841(c) that allows the Commission to reimpose special parole following revocation and incarceration). Further, the Eighth Circuit Court of Appeals held that the Commission does have the authority to reimpose a special parole term under § 841(c) after revocation. Billis v. United States, 83 F.3d 209, 211 (8th Cir.) (per curiam), cert. denied, 519 U.S. 900 (1996). Thus, Petitioner's claim that the Commission lacked authority to reimpose special parole is without merit.

To the extent Petitioner is seeking review of the substantive decisions of the Commission such as the Commission's determination to continue or revoke parole, this Court lacks subject matter jurisdiction over such claims. E.g., Wajida v. United States, 64 F.3d 385, 388 (8th Cir. 1995) ("A Parole Commission decision is substantive, and hence unreviewable, if it involves the exercise of

judgment among a range of possible choices or options."); Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1183 (8th Cir. 1990) ("pursuant to § 4218(d) we do not have jurisdiction to review the substantive decisions of the Commission to grant or deny parole."). As a result, the Court may not consider whether the Commission's decision to revoke Petitioner's parole was correct. Petitioner is not entitled to relief on this ground.

2. Delays in Statutory Deadlines

Petitioner contends that the Commission lacked jurisdiction inasmuch as the Commission failed to hold his revocation hearing within ninety days after September 15, 2009.

The deadlines in the Parole Act are statutory deadlines; they are not rights guaranteed by the Due Process Clause. Cf. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations. This is especially true with respect to the sensitive choices presented by the administrative decision to grant parole release.").

When the Commission fails to strictly observe the deadlines under the Parole Act, prejudice must be shown before a habeas petitioner may be entitled to relief. See United States v. Horn Bear, 887 F.2d 897, 898-90 (8th Cir. 1989) (strict compliance with Parole Act deadlines not required); Kartman v. Parratt, 535 F.2d 450, 455 (8th Cir. 1976) (where there has been a delay in the parole revocation hearing, the reasonableness of the delay must be balanced against any prejudice to the parolee). The burden of proof is on petitioner to demonstrate that he has been prejudiced by the delay by showing that it has impaired his ability to contest the violation or has had an adverse effect

on his ability to present witnesses or favorable information at his revocation hearing. See White v. U.S. Parole Comm'n, 856 F.2d 59, 61 (8th Cir. 1988) (offender must allege that the Commission's action had prejudiced his ability to contest the charges or present mitigating information); Hopper v. U.S. Parole Comm'n, 702 F.2d 842, 845 (9th Cir. 1983) ("In order to make out a constitutional claim, [petitioner] must show that the delay in the parole revocation hearing was both unreasonable and prejudiced his rights."). In this action, Petitioner has failed to introduce any evidence showing that he was prejudiced by the delay in the parole revocation process. Accordingly, Petitioner has failed to demonstrate that his right to due process was violated by the delay in holding the revocation hearing.

Absent a showing of prejudice, the appropriate remedy for a violation is a writ of mandamus to compel the Parole Commission to conduct a revocation hearing. Where the Parole Commission has already held a revocation hearing, as in this case, the petitioner is not entitled to any further relief. Smith v. United States, 577 F.2d 1025, 1029 (5th Cir. 1978) (Since [petitioner] has already had a revocation hearing, he is therefore not entitled to any further relief."). In this case, the Commission conducted Petitioner's revocation hearing on March 17, 2010, before Petitioner filed this case. As a result, Petitioner's claim regarding the delay in holding his revocation hearing is moot.

3. Forfeiture of Street Time

Petitioner asserts that the Commission cannot order forfeiture of his time on parole in his most recent revocation inasmuch as the forfeiture was not predicated on a new conviction.

Section 2.57 provides for a mandatory forfeiture of street time following revocation of special

parole. 28 C.F.R. § 2.57. Revocation of special parole is controlled by 21 U.S.C. § 841,[2] which provides:

> A special parole term ... may be revoked if its terms and conditions are violated. In such circumstances, the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the term which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term ... shall be in addition to, and not in lieu of, any other parole provided by law.

21 U.S.C. § 841(c). The forfeiture of time spent on special parole is not discretionary, but automatic, following the revocation of such special parole for violations of its terms and conditions. See Cortinas v. U.S. Parole Comm'n, 938 F.2d 43, 46 (5th Cir. 1991); 21 U.S.C. § 841(c). Thus, the undersigned concludes that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2241.

**IT IS HEREBY RECOMMENDED** that Petitioner Francis Brown's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1/filed September 29, 2011) be dismissed without further proceedings.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time

---

[2]Although Congress repealed this provision in 1984, it remains applicable to sentences, such as Petitioner's, for criminal offenses committed before November 1, 1987. See Pub.L. No. 98-473, tit. II, § 224(a)(2), formerly § 224(a)(6), 98 Stat. 1987, 2030 (1984), as renumberer by Pub.L. No. 99-570, tit. I, § 1005(a)(2), 100 Stat. 3207-6 (1986) (the "Sentencing Reform Act").

for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

                                                  /s/ Terry I. Adelman
                                     UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of August, 2012.